UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
ADINA W. STOWELL (SBN 211719)
astowell@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052
Fax: (949) 679-0461

Attorneys for Defendant
Home Depot U.S.A., Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEEKS, individually and on behalf of all others situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-06780-FMO-AS<br><br>ASSIGNED TO:<br>Hon. Fernando M. Olguin<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:        January 16, 2020<br>Time:       10:00 a.m.<br>Courtroom: 6D<br><br>Complaint Filed: August 5, 2019<br>Amended Complaint Filed: November 22, 2019 |

{193323.2}

Pursuant to Federal Rule of Evidence 201, Home Depot U.S.A., Inc. hereby requests that the Court take judicial notice of the following:

(1) EPA Office of Pesticide Programs, Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2009-0361-0073, a true and correct copy of which is attached to the Declaration of Adina Stowell ("Stowell Dec.") filed concurrently herewith as Exhibit A;

(2) EPA Office of Chemical Safety & Pollution Prevention, Glyphosate Product Registrant Letter (Aug. 7, 2019), https://www.epa.gov/sites/production/files/2019-08/documents/glyphosate_registrant_letter_-_8-7-19_-_signed.pdf, (Stowell Dec., Exhibit B);

(3) EPA Office of Pesticide Programs, Glyphosate Issue Paper: Evaluation of Carcinogenic Potential (Sept. 12, 2016), https://www.epa.gov/sites/production/files/2016-09/documents/glyphosate_issue_paper_evaluation_of_carcincogenic_potential.pdf, (Stowell Dec., Exhibit C);

(4) EPA Office of Prevention, Pesticides & Toxic Substances, Reregistration Eligibility Decision (RED): Glyphosate (Sept. 1993), https://archive.epa.gov/pesticides/reregistration/web/pdf/glyphosate.pdf, (Stowell Dec., Exhibit D);

(5) EPA Office of Chemical Safety & Pollution Prevention, Draft Human Health Risk Assessment in Support of Registration Review: Glyphosate (Dec. 12, 2017), https://www.regulations.gov/document?D=EPA-HQ-OPP-2009-0361-0068, (Stowell Dec., Exhibit E); and

{193323.2}                                          2

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

2:19-CV-06780-FMO-AS
HOME DEPOT'S REQUEST FOR JUDICIAL NOTICE

      (6)    EPA, Glyphosate: Proposed Interim Registration Review Decision (Apr. 23, 2019), https://www.regulations.gov/document?D=EPA-HQ-OPP-2009-0361-2344, (Stowell Dec., Exhibit F).

A court may judicially notice facts that are either "generally known within the trial court's territorial jurisdiction," or "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b).

This applies at the pleading stage as well. *See, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (on a motion to dismiss, courts may rely on facts "contained in materials of which the court may take judicial notice"); *Collazo v. Fannie Mae Corp.*, No. CV 13-00975, 2013 U.S. Dist. LEXIS 76164, at *1-2 (C.D. Cal. May 28, 2013) ("In deciding a Rule 12(b)(6) motion" court may "consider matters that can be judicially noticed under Rule 201 of the Federal Rules of Evidence") (internal citation omitted).

The exhibits attached to the accompanying Stowell Declaration are public records, which this court may consider on a motion to dismiss without converting it to a motion for summary judgment. *Thomas v. Walt Disney Co.*, 337 F. App'x 694, 695 (9th Cir. 2009) ("On a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (quoting *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991)) (internal quotation marks omitted). Matters of public record subject to judicial notice include "documents available on government websites," which "are generally not considered to be subject to reasonable dispute." *Jarvis v. JP Morgan Chase Bank, N.A.*, 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010) (internal quotation marks and citation omitted).

1 Accordingly, Defendant requests that the court take judicial notice of the above mentioned items, attached to the accompanying Stowell Declaration as <u>Exhibits A-F</u>.

Dated: December 13, 2019         UMBERG ZIPSER LLP

s/ Adina W. Stowell
Adina W. Stowell
Attorneys for Defendant Home Depot U.S.A., Inc.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE