UMBERG ZIPSER LLP
Dean J. Zipser (SBN 94680)
dzipser@umbergzipser.com
ADINA W. STOWELL (SBN 211719)
astowell@umbergzipser.com
1920 Main Street, Suite 750
Irvine, CA 92614
Telephone: (949) 679-0052
Fax: (949) 679-0461

MORRIS, MANNING & MARTIN, LLP
Robert P. Alpert (Pro Hac Vice)
rpa@mmmlaw.com
Jeffrey K. Douglass (Pro Hac Vice)
jdouglass@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

Attorneys for Defendant
Home Depot U.S.A., Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEEKS, individually and on behalf of all others situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-06780-FMO-AS<br><br>ASSIGNED TO:<br>Hon. Fernando M. Olguin<br><br>**REPLY MEMORANDUM IN SUPPORT OF HOME DEPOT U.S.A., INC.'S MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date: **January 30, 2020**<br>Time: 10:00 a.m.<br>Courtroom: 6D<br><br>Complaint Filed: August 5, 2019<br>Amended Complaint Filed: November 22, 2019 |

{195359.1}

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................1

II.  ARGUMENT ...........................................................................2

A.  Plaintiff's Claim Is Expressly Preempted By FIFRA ..............................2

   1.  Plaintiff cannot plead around FIFRA's bar on additional state law
      requirements for labeling ....................................................2

      a.  The Ninth Circuit has rejected Plaintiff's argument based
         on *Allenby* .............................................................2

      b.  Plaintiff's cases are factually inapposite.........................4

   2.  Plaintiff's claim diverges from at least two FIFRA requirements. ....6

B.  Plaintiff's Arguments that Impossibility Preemption is Inapplicable in the
    FIFRA Context and that Home Depot Fails the *Wyeth* Standard are
    Legally and Factually Incorrect .................................................8

C.  Home Depot Cannot Be Liable Under the UCL Because Plaintiff Admits
    that Home Depot Did Not Participate In, Control, or Adopt the Alleged
    Unlawful Practices .............................................................10

D.  Plaintiff's Claim Is Substantively a Proposition 65 Claim, and Is Thus
    Barred By His Failure to Comply With Proposition 65's Notice
    Requirements and a Current Injunction Preventing Enforcement of a
    Proposition 65 Warning for Glyphosate ..................................14

   1.  Despite Plaintiff's conclusory assertions to the contrary, his claim
      arises under Proposition 65.............................................14

   2.  The injunction in *Wheat Growers* prevents enforcement of a cancer
      warner for glyphosate...................................................18

{195359.1}

i

E.  Plaintiff Has Not Pleaded His Claim with the Particularity Required by Fed. F. Civ. P. 9(b) ....................................................................................18

F.  Plaintiff Lacks Article III Standing to Seek Injunctive Relief Because He Does Not Plead That He is Likely to Suffer Future Injury ....................21

    1.  Plaintiff does not allege an intention to purchase Roundup in the future ............................................................................................21

    2.  There is no plausible likelihood that Plaintiff will be deceived again regarding Roundup's alleged carcinogenicity. ...................................22

V.  CONCLUSION ...............................................................................................23

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Target Corp.*,
    2014 WL 12558290 (C.D. Cal. Mar. 3, 2014) ........................................ 10, 11

*Anthony v. Pharmavite*,
    2019 WL 109446 (N.D. Cal. Jan. 4, 2019) ............................................. 22, 23

*Arias v. Dyncorp*,
    517 F. Supp. 2d 221 (D.D.C. 2007) ................................................................ 8

*Arizona v. United States*,
    567 U.S. 387 (2012) ........................................................................................ 8

*Asghari v. Volkswagen Grp. of Am., Inc.*,
    42 F. Supp. 3d 1306 (C.D. Cal. 2013) .......................................................... 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 15

*Bates v. Dow Agrosciences LLC*,
    544 U.S. 431 (2005) ............................................................................ 6, 7, 8, 9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 15

*Cel-Tech Comm. Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (Cal. 1999) ............................................................... 14, 15, 16

*Chemical Specialties Manufacturers Association, Inc. v. Allenby*,
    958 F.2d 941 (9th Cir. 1992) ................................................................ 2, 3, 4, 5

*Cipollone v. Liggett Grp.*,
    505 U.S. 504 (1992) ................................................................................... 3, 7

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997) ........................................................................ 19

*Cordes v. Boulder Brands USA, Inc.*,
    2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ............................................... 22

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}

i

*Davidson v. Apple, Inc.*,
    2017 WL 976048 (N.D. Cal. Mar. 14, 2017).................................................19

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018)..........................................................21, 22, 23

*Dorfman v. Nutramax Labs., Inc.*,
    2013 WL 5353043 (S.D. Cal. Sept. 23, 2013) .......................................11, 12

*Dow Agrosciences LLC v. Bates*,
    332 F.3d 323 (5th Cir. 2003)...............................................................9

*Eisen v. Porsche Cars N. Am., Inc.*,
    2012 WL 841019 (C.D. Cal. Feb. 22, 2012)................................................21

*Ferebee v. Chevron Chem. Co.*,
    736 F.2d 1529 (D.C. Cir. 1984) ............................................................7

*Geier v. Am. Honda Motor Co.*,
    529 U.S. 861 (2000) .......................................................................8

*Glenn K. Jackson Inc. v. Roe*,
    273 F.3d 1192 (9th Cir. 2001)..............................................................15

*Hakakha v. CitiMortgage, Inc.*,
    2015 WL 4873561 (C.D. Cal. Aug. 13, 2015).............................................18

*Harris v. R.J. Reynolds Vapor Co.*,
    2017 WL 3617061 (N.D. Cal. Aug. 23, 2017).........................................15, 17

*Herron v. Best Buy Co. Inc.*,
    924 F. Supp. 2d 1161 (E.D. Cal. 2013).....................................................12

*In re Hydroxycut Mtg. & Sales Practices Litig.*,
    801 F. Supp. 2d 993 (S.D. Cal. 2011)................................................10, 12, 13

*In re Jamster*,
    2009 WL 1456632 (S.D. Cal. May 22, 2009)...............................................11

*In re NJOY, Inc. Consumer Class Action Litig.*,

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                    ii

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

2014 WL 12586074 (C.D. Cal. Oct. 20, 2014) ..............................................19

*Jackson v. Gen. Mills, Inc.*,

    2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) ...............................................23

*Kearns v. Ford Motor Co.*,

    567 F.3d 1120 (9th Cir. 2009).......................................................................19

*Lanovaz v. Twinings N. Am., Inc.*,

    726 F. App'x 590 (9th Cir. 2018)..................................................................22

*Lilly v. Jamba Juice*,

    2015 WL 1248027 (N.D. Cal. Mar. 18, 2015)........................................21, 22

*Loomis v. Slendertone Distribution, Inc.*,

    2019 WL 5790136 (S.D. Cal. Nov. 6, 2019) ................................................22

*Marolda v. Symantec Corp.*,

    672 F. Supp. 2d 992 (N.D. Cal. 2009) ..........................................................19

*Matic v. U.S. Nutrition, Inc.*,

    2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ........................................22, 23

*Merck Sharpe & Dohme v. Albrecht*,

    139 S. Ct. 1668 (2019) ...................................................................................7

*Min Shook Shin v. Umeken USA, Inc.*,

    773 F.App'x 373 (9th Cir. June 3, 2019) ......................................................22

*Nat'l Ass'n of Wheat Growers v. Zeise*,

    309 F. Supp. 3d 842 (E.D. Cal. 2018)......................................................14, 18

*New York State Pesticide Coalition, Inc. v. Jorling*,

    874 F.2d 115 (2d Cir. 1989)............................................................................5

*Oestreicher v. Alienware Corp.*,

    544 F. Supp. 2d 964 (N.D. Cal. 2008) ..........................................................21

*Papas v. Upjohn Co.*,

    985 F.2d 516 (11th Cir. 1993)......................................................................3, 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}

iii

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Riegel v. Medtronic, Inc.*,
> 552 U.S. 312 (2008) ..................................................................................6, 7

*Sciortino v. Pepsico, Inc.*,
> 108 F. Supp. 3d 780 (N.D. Cal. 2015) ...................................................16, 17

*Soto v. Superior Telecomm. Inc.*,
> 2011 WL 6325906 (S.D. Cal. Dec. 15, 2011).................................................12

*Stamps v. Collagen Corp.*,
> 984 F.2d 1416 (5th Cir. 1993).........................................................................7

*Tait v. BSH Home Appliances Corp.*,
> 2011 WL 1832941 (C.D. Cal. May 12, 2011) ...............................................19

*Taylor AG Industries v. Pure-Gro*,
> 54 F.3d 555 (9th Cir. 1995)..............................................................2, 3, 4, 5, 7

*Terteryan v. Med. Depot, Inc.*,
> 2017 WL 5665006 (C.D. Cal. May 18, 2017) ...............................................20

*Waldrup v. Countrywide Fin. Corp.*,
> 2014 WL 3715131 (C.D. Cal. July 23, 2014)................................................20

*Wyeth v. Levine*,
> 555 U.S. 555 (2009) .........................................................................................8

*Zucco Partners, LLC v. Digimarc Corp.*,
> 552 F.3d 981 (9th Cir. 2009)............................................................................9

**Statutes**

322 F. App'x 489.................................................................................................25

7 U.S.C. § 136a(c)(1)(D) ....................................................................................12

7 U.S.C. § 136j(a)(1)(B) .......................................................................................7

7 U.S.C. §§ 136j(a)(1)(E) ...................................................................................10

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                   iv

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

# I.   INTRODUCTION

Plaintiff's Opposition to Home Depot's Motion to Dismiss ("Opposition") demonstrates why the Court should grant Home Depot's Motion.

First, Plaintiff's argument that he can plead around FIFRA's express preemption provision by basing his claim on Home Depot's alleged "omission" of point-of-sale warnings is foreclosed by controlling Ninth Circuit precedent holding that such claims necessarily and impermissibly challenge the adequacy of the products' EPA-approved labeling and packaging. The warning Plaintiff argues California law requires is not only inconsistent with the EPA-approved labeling, but the EPA has also *expressly* concluded that it is false and misleading, cannot be included on the product label, and would render the products "misbranded" in violation of federal law. Stowell Decl. Exs. A-F (Dkt. No. 21-3-8).

Second, Plaintiff's argument that impossibility preemption is unavailable in the FIFRA context is inconsistent with well-established Supreme Court and Ninth Circuit law holding that the existence of an express preemption provision does not impact the operation of implied preemption principles. *See, e.g.*, *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1204 (9th Cir. 2002).

Third, Plaintiff's attempt to distinguish the case law with respect to retailer liability under the UCL fails because Plaintiff relies on cases alleging that retailers either (i) had actual notice from the Federal Trade Commission that the product's packaging was deceptive or (ii) made their own affirmative misrepresentations about the product. Plaintiff's Complaint contains no such allegations, and thus Home Depot cannot be liable under the UCL for simply selling Roundup.

Fourth, Plaintiff fails to explain why his claim does not arise under Proposition 65, and offers no defensible basis to impose a cancer warning in this case when there is an existing statewide injunction preventing such a warning.

Fifth, Plaintiff's argument that he has complied with Rule 9(b) fails because the Complaint does not allege (i) what materials Plaintiff relied on (if any) in connection with buying Roundup; and (ii) when Plaintiff contends Home Depot became aware of Roundup's alleged dangers.

Finally, Plaintiff offers no legal or factual support for his contention that he has Article III standing to seek injunctive relief. Indeed, Plaintiff does not even respond substantively to Home Depot's argument that there is no reasonable possibility that he will be deceived about glyphosate's carcinogenicity in the future.

## II.   ARGUMENT

### A.   Plaintiff's Claim Is Expressly Preempted By FIFRA.

#### 1.   Plaintiff cannot plead around FIFRA's bar on additional state-law requirements for labeling.

Relying primarily on *Chemical Specialties Manufacturers Association, Inc. v. Allenby*, 958 F.2d 941, 946 (9th Cir. 1992), Plaintiff tries to avoid FIFRA's express preemption provision by arguing that his claims are based not on the EPA-approved product labels but on Home Depot's failure to include *point-of-sale* warnings, which are not "attached to the immediate container of a product" and do not "accompany the product during the period of use." Opposition to Motion to Dismiss (Dkt. No. 35) ("Opp.") at 8 (quoting *Allenby*, 958 F.2d at 946). Plaintiff's argument is inconsistent with controlling Ninth Circuit precedent, misconstrues *Allenby*, and would render superfluous the statutory preemption of state labeling requirements that differ from FIFRA's requirements.

##### a.   The Ninth Circuit has rejected Plaintiff's argument based on *Allenby*.

Plaintiff's interpretation of *Allenby* is foreclosed by the Ninth Circuit's decision in *Taylor AG Industries v. Pure-Gro*, 54 F.3d 555 (9th Cir. 1995). In

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                              2

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

*Taylor*, the plaintiffs brought state-law claims alleging that EPA-approved product labels failed to warn them of the hazards of pesticides they purchased and that the defendant should be liable, in part, for its failure to warn of these hazards in "point-of-sale warnings." *Id.* at 561. Like Plaintiff here, the plaintiff in *Taylor* argued that *Allenby* held that "FIFRA does not preempt point-of-sale warnings" and thus foreclosed the defendant's preemption arguments. *Id.* at 561 n.2.

The Ninth Circuit rejected this argument. *Taylor* held that *Allenby* does not apply in the context of private lawsuits—like this case—asserting liability for the omission of point-of-sale warnings. *Id.* at 561 & n.2 (citing *Papas v. Upjohn Co.*, 985 F.2d 516, 519 (11th Cir. 1993)). *Taylor* also squarely held that a claim for "inadequate point-of-sale warnings" was preempted by FIFRA.[1] *Id.* The Court explained that the plaintiffs' claim "boil[ed] down to a claim" that defendants had "inadequately warned of the hazards" of the pesticides at issue, and thus "necessarily challenge[d] the adequacy of the warnings provided on the product's labeling or packaging." *Id.* at 561 (quoting *Papas*, 985 F.2d at 519); *see also Papas*, 985 F.2d at 519.

*Taylor*'s analysis applies equally to this case. Plaintiff's original complaint squarely asserted that liability hinges on allegedly inadequate warnings on the product labels. Complaint (Dkt. No. 1) ¶¶ 17-19, 91. But even after his transparent attempt to plead around preemption in his amended complaint, Plaintiff's theory is that point-of-sale warnings are required only because he believes the EPA-approved product labels "give the false impression" that there is no cancer risk associated

---

[1] Between *Allenby* and *Taylor*, the Supreme Court issued its opinion in *Cipollone v. Liggett Grp.*, 505 U.S. 504 (1992), which held that the term "requirement" in the Public Health Cigarette Smoking Act of 1969 "included common-law duties, and therefore pre-empted certain tort claims." *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 441 (2005) (citing *Cipollone*); *see also id.* at 443 (affirming that *Cipollone*'s holding applies equally in the FIFRA context).

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      3

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

with Roundup. FAC ¶ 19. Indeed, Plaintiff's amended complaint asserts that the Court should impose liability because of Home Depot's alleged ability to "exert pressure on the makers of Roundup to include appropriate health and safety warnings" on the product labels. *Id.* ¶ 84. Thus, just as in *Taylor*, Plaintiff's theory "boils down" to an allegation that Roundup's EPA-approved labels are inadequate and Home Depot should therefore be liable for selling the products.

Plaintiff's argument that *Taylor* is "distinguishable" because it involved claims against manufacturers rather than retailers (Opp. at 9) is inconsistent with *Taylor* itself. As the Ninth Circuit explained, its decision applies equally to manufacturers and retailers because "the analysis focuses not on whom the legal duty is imposed, but on whether the legal duty constitutes a state law requirement to provide information in addition to or different from the label." *Taylor*, 54 F.3d at 561 n.3.

b.    Plaintiff's cases are factually inapposite.

To the extent *Allenby* survived *Taylor*, it is distinguishable. *Allenby* did not involve or contemplate a situation, like this case, in which EPA had expressly rejected the warning at issue and concluded that such a warning would constitute misbranding under FIFRA. Indeed, *Allenby* relied on the premise that this set of facts would *not* arise:

> It seems implausible that the EPA would prosecute a company for, in essence, complying with Proposition 65… [and] contradictory to assert that the EPA will prosecute a company for satisfying the standards developed by the EPA but deemed insufficient by the State of California.

*Allenby*, 958 F.2d at 947. But that is precisely the situation here. In addition to EPA's consistent conclusions since at least 1991 that glyphosate is not carcinogenic, *see* Mov. Br. at 3-4 (Dkt. 21-1), it confirmed in a letter to registrants

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                                    4

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

of glyphosate-based products that a cancer warning for such products would be "false and misleading" and constitute "misbranding" under FIFRA. Stowell Decl. Ex. B (Dkt. No. 21-4). EPA has therefore ordered manufacturers to remove any such warnings not only from "product labels," but from "any materials considered labeling under FIFRA for those products." *Id*. Indeed, as EPA reiterated just last month in an *amicus* brief filed in the Ninth Circuit, a cancer warning for glyphosate-based products would "warn[] of a cancer risk that, according to EPA's assessment, does not exist" and therefore "constitute[] prohibited misbranding." *See* Brief of the United States as Amicus Curiae in Support of Monsanto, *Monsanto Co. v. Hardeman*, No. 19-16636, Dkt. No. 32 ("EPA *Hardeman* Br.") at 10.

The Second Circuit's decision in *New York State Pesticide Coalition, Inc. v. Jorling*, 874 F.2d 115 (2d Cir. 1989), on which *Allenby* relied, also does not support Plaintiff's position. The "signs" at issue in *Jorling* were not point-of-sale warnings addressed to users of the pesticide, but were posted "on the perimeter of [a property treated with pesticides] warning people not to enter the premises for a specified number of hours." *Allenby*, 958 F.2d at 946 (citing *Jorling*, 874 F.2d at 117). This distinction was key to the Second Circuit, which held that the signs were not labeling because they were not "designed to be read and followed by the *end user*." *Jorling*, 874 F.2d at 119 (emphasis added). But here, as in *Taylor*, Plaintiff's claim is that Home Depot should have warned *purchasers* of Roundup about their supposed cancer risks. Opp. at 5. Thus, unlike in *Jorling*, the warnings at issue are targeted at "end users" of Roundup, not at the public in general. Therefore, even putting aside that *Taylor* is the controlling authority, Plaintiff's cases are distinguishable.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}

5

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### 2.   Plaintiff's claim diverges from at least two FIFRA requirements.

Plaintiff's claim does not, as he argues in his Opposition, parallel FIFRA's misbranding provisions. *See* Opp. at 10-13. To the contrary, as explained in detail in Home Depot's Motion to Dismiss, Plaintiff's claim would impose a state-law requirement that diverges from at least two FIFRA requirements, namely its bar on (i) the sale of an herbicide when any "claims made for it" differ from "the statement required in connection with its registration under section 136a of this title [*i.e.*, its approved labeling]" (7 U.S.C. § 136j(a)(1)(B)), and (ii) on "misbranding" (*id.* §§ 136j(a)(1)(E); 136(q)(1)(A)).

Plaintiff's argument that his state-law claim "parallels requirements imposed by FIFRA's misbranding prohibitions" (Opp. at 10) is inconsistent with Supreme Court precedent. *Bates v. Dow Agrosciences LLC* recognized that EPA label approvals have preemptive force and that a state-law claim could survive preemption only if it were "equivalent to, and fully consistent with, FIFRA's misbranding provisions." 544 U.S. 431, 447 (2005). "Equivalence" is a demanding standard—for instance, state law may not require a product to be labeled "DANGER" if EPA determines that the product should have a more-subdued "CAUTION" warning. *Id.* at 453. Here, the difference is even more stark—with Plaintiff suggesting that the product's label is deficient because it fails to include a cancer warning that EPA has explicitly *rejected*.

Plaintiff also offers no supportable basis to distinguish *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008), which concerned a preemption provision that is materially identical to FIFRA's preemption clause. *See Bates*, 544 U.S. at 447-48. In *Riegel*, the Court held that FDA's premarket approval of a medical device— which included safety and labeling review—imposed federal "requirements" specific to that device, thereby preempting any additional or different state-law requirements. 552 U.S. at 322-23. The same is true here: EPA's approval of

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                          6

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Roundup labeling, following an exacting review of glyphosate's potential health risks (including carcinogenicity), triggered specific federal labeling requirements that preempt *any* additional or different state-law requirements. This determination is a requirement that "carr[ies] the force of law." *Merck Sharpe & Dohme v. Albrecht*, 139 S. Ct. 1668, 1679 (2019); *see also* EPA *Hardeman* Br. at 1-2 ("Every time EPA reviews and approves [a pesticide's] label," EPA is "making federal law" that is "tailored" to that particular pesticide.).[2]

Plaintiff's reliance on two decisions from the D.C. Circuit to the contrary is unavailing. Plaintiff first cites *Ferebee v. Chevron Chem. Co.*, 736 F.2d 1529, 1540 (D.C. Cir. 1984), a pre-*Bates* case that held that FIFRA did not preempt any state-law cause of action based on inadequate labeling. But the Fifth Circuit explained more than 25 years ago that *Ferebee* is inconsistent with subsequent Supreme Court precedent. *See Stamps v. Collagen Corp.*, 984 F.2d 1416, 1424-25 (5th Cir. 1993) ("[N]o sound distinction can be drawn between the 'no requirement or prohibition' language found dispositive in *Cipollone*[, 505 U.S. 504 (1992)] and the express preemption of 'any requirement' contained in [FIFRA].").[3]

---

[2] Plaintiff cites *Bates* for the proposition that an herbicide's label "can be registered by the EPA *yet still violate* FIFRA by failing to provide adequate warnings." Opp. at 11. But *Bates* involved a challenge to labeling claims concerning a pesticide's *efficacy*, rather than its *safety*—and, as the Court emphasized, EPA had waived its review of all such efficacy-related labeling claims. 544 U.S. at 440, 450. Here, by contrast, carcinogenicity is a risk that EPA does evaluate under FIFRA. And EPA has repeatedly considered—and rejected—the precise warning that Plaintiff claims state law requires. *See* Mov. Br. at 9-10 (Dkt. 21-1); EPA *Hardeman* Br. at 24. In that respect, this case is directly analogous to *Riegel*.

[3] *Ferebee* is also at odds with the later decisions in *Taylor* and *Bates*, both of which are binding on this Court, and both of which recognized (as discussed above) that state-law causes of action can be preempted by EPA's labeling decisions.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE
{195359.1}                    7

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff's reliance on the *Arias v. Dyncorp*, 517 F. Supp. 2d 221, 229 (D.D.C. 2007), is even less apt. *Arias* did not involve EPA action at all, but rather a statement by *the State Department* about the safety of the pesticide at issue. *Id.* This case involves EPA's registration and labeling decisions—a function expressly delegated to EPA by Congress. *See Bates*, 544 U.S. at 437-49 (summarizing FIFRA's history and EPA's role). And EPA has not only repeatedly determined that glyphosate-based products do *not* cause cancer and do *not* require a cancer warning, it has explicitly concluded that a cancer warning would constitute *misbranding* under FIFRA. *See* Stowell Decl. Ex. B at 1 (Dkt. No. 21-4); EPA *Hardeman* Br. at 10, 18. Adding a cancer warning at the point of sale would thus violate FIFRA's bar on "misbranding" (7 U.S.C. §§ 136j(a)(1)(E); 136(q)(1)(A)) and its bar on selling an herbicide when the "claims made for it" differ from its approved label (*id.* § 136j(a)(1)(B)). Plaintiff's claims are thus contrary to FIFRA's labeling requirements, and they are expressly preempted.

## B.   Plaintiff's Arguments that Impossibility Preemption Is Inapplicable in the FIFRA Context and that Home Depot Fails the *Wyeth* Standard are Legally and Factually Incorrect.

Plaintiff argues that *Bates* implicitly held that impossibility preemption does not apply in the FIFRA context and that, even if impossibility preemption is applicable, Home Depot fails the "clear evidence" standard under *Wyeth v. Levine*, 555 U.S. 555, 568 (2009). Opp. at 13-14. Plaintiff is wrong on both counts.

First, both the Supreme Court and Ninth Circuit have held that "the existence of an 'express preemption provisio[n] does *not* bar the ordinary working of conflict preemption principles' or impose a 'special burden' that would make it more difficult to establish the preemption of laws falling outside the clause." *Arizona v. United States*, 567 U.S. 387, 406 (2012) (quoting *Geier v. Am. Honda Motor Co.*, 529 U.S. 861, 869-872 (2000)); *DowElanco*, 275 F.3d at 1204 (implied preemption

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      8

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

can apply "even when Congress has chosen to include an express preemption clause in a statute"). The only question decided by the Fifth Circuit in *Bates* was whether the plaintiff's claims were "within [the] scope of FIFRA's *express* preemption clause." *See Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 329 (5th Cir. 2003) (emphasis in original), *vacated*, 544 U.S. 431. Similarly, the scope of FIFRA's express preemption provision was the only question resolved by the Supreme Court, which did not cite or rely on principles of conflict preemption. *See* 544 U.S. at 440-441. There is thus no basis to conclude that *Bates* displaced the established Supreme Court and Ninth Circuit law that implied preemption principles apply even when Congress includes an express preemption provision.

Second, Plaintiff is mistaken in arguing that there is no clear evidence that EPA would reject the warning Plaintiff seeks because "EPA is not 'fully informed' as to *Roundup's* potential carcinogenicity and has not reached a determination" about the carcinogenicity of the formulated product. Opp. at 14. The warning Plaintiff seeks in his complaint is based on the alleged carcinogenicity of *glyphosate*, not the formulated product. *See* FAC ¶ 89 (seeking order "requiring Defendant to notify consumers at the point of sale . . . that the glyphosate in Roundup has been linked to cancer in humans"). Plaintiff does not and cannot argue that EPA is not "fully informed" about the supposed carcinogenicity of glyphosate, and thus all but concedes that his claim is barred by impossibility preemption.[4]

---

[4] The Court should also reject Plaintiff's alternative request for leave to amend to include "allegations regarding the genotoxic properties of the surfactants contained in Roundup," because such an amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). EPA has repeatedly registered Roundup products pursuant to FIFRA and in doing so has been fully informed about any potential carcinogenicity of the product. EPA reviews and approves "the complete formula" of the product, including both active and "inert" ingredients. 7 U.S.C. § 136a(c)(1)(D); Stowell Decl. Ex. F at 10 (Dkt. No. 21-8). EPA has thus assessed the toxicity of inert ingredients contained in Roundup products "at multiple points over the years for different formulations of glyphosate"

Umberg Zipser llp
Attorneys At Law
Irvine

{195359.1}                                    9

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### C.   Home Depot Cannot Be Liable Under the UCL Because Plaintiff Admits that Home Depot Did Not Participate In, Control, or Adopt the Alleged Unlawful Practices.

Plaintiff argues that Home Depot is liable under the UCL because it sold Roundup despite its alleged awareness of Roundup's danger to consumers. But the cases on which Plaintiff relies are inapposite because they involved retailers that either (i) received actual notice of the manufacturer's deceptive labeling or packaging or (ii) made their own misleading representations regarding a product. Plaintiff does not and cannot make any such allegations as to Home Depot, and thus offers no principled basis to distinguish this case from the cases cited in Home Depot's Motion. *See, e.g.*, *In re Hydroxycut Mtg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011).

Plaintiff's heavy reliance on *Adams v. Target Corp.*, 2014 WL 12558290 (C.D. Cal. Mar. 3, 2014), is misplaced. The plaintiff in *Adams* alleged that Target sold waterslides and pools in packaging that included misleading images that misrepresented the products' size and water pressure. *Adams*, 2014 WL 12558290, at *1. Importantly, Target continued to sell the products even after receiving  a letter from the Federal Trade Commission ("FTC") concluding that the images on the product's packaging were misleading and likely to cause consumer confusion. *Id*. This FTC letter was key to *Adams*'s analysis, which acknowledged the principle that merely selling falsely-advertised products does not subject a retailer to liability, but concluded that these cases were distinguishable because Target's receipt of the FTC letter constituted "actual notice that the manufacturer's packaging was deceptive." *Id.* at *5 (citing *Hydroxycut*).

---

(Dkt. No. 21-8 at 10) and has repeatedly determined that no cancer warning is warranted.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      10

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Unlike *Adams*, there are no allegations here that Home Depot received any notice—let alone "actual notice" from a federal agency—that Roundup is deceptively labeled. *See generally* FAC. Indeed, the *opposite* set of facts applies here: EPA (a federal agency) has determined that Roundup's product labels are *not* false or misleading, has repeatedly concluded that a cancer warning is *not* required or appropriate, and has publicly announced that adding a cancer warning to Roundup would constitute "misbranding" under federal law.[5] *See, e.g.*, Stowell Decl. Exs. A-F (Dkt. No. 21-3-8).

Nor do the references in Plaintiff's complaint to certain scientific studies regarding glyphosate, actions taken by other countries regarding Roundup, or recent jury verdicts regarding Roundup allege the type of "actual notice" that was present in *Adams*. *Id.* ¶¶ 20-51. Plaintiff does not allege when (if ever) Home Depot learned of these facts. And even if he did, that would not constitute actual notice that the product was deceptively labeled—particularly given EPA's explicit determinations that Roundup products are appropriately labeled and do not pose a cancer risk. *See In re Jamster*, 2009 WL 1456632, at *8 (S.D. Cal. May 22, 2009) (dismissing UCL claims against wireless providers because plaintiffs' conclusory allegations that the wireless providers knew about the deceptive marketing of content providers were "insufficient to show that Wireless Providers controlled, participated, approved, marketed or otherwise adopted Content Providers' advertising practices").

Plaintiff's other attempts to distinguish the cases cited in Home Depot's Motion are equally meritless. In *Dorfman v. Nutramax Labs., Inc.*, No. 13CV0873 WQH RBB, 2013 WL 5353043 (S.D. Cal. Sept. 23, 2013), the complaint alleged that the retailer defendants made their own affirmative misrepresentations about the

---

[5] If anything, the requirements for "actual notice" should be *higher* in the context of products like Roundup, whose labels are subject to review and preapproval by a federal agency before they can be sold.

Umberg Zipser llp
Attorneys At Law
Irvine

{195359.1}

11

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

subject product, including "statements on [their] website[s] that repeat and reinforce the false and misleading joint health statements made on the packaging and labeling." *Dorfman*, 2013 WL 5353043, at *14.[6] Similarly, in *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1169 (E.D. Cal. 2013), the plaintiff alleged that the retailer (Best Buy) made its own affirmative misrepresentations regarding the product. *Herron*, 924 F. Supp. 2d at 1167. Specifically, plaintiff alleged that Best Buy made statements on its website and on product labels regarding a laptop's battery life which falsely portrayed the battery testing results that the manufacturer had sent to Best Buy. *Id*. Here, unlike in *Dorfman* and *Herron*, Plaintiff alleges no affirmative misrepresentations by Home Depot. *See generally* FAC.

Plaintiff's citation to *Soto v. Superior Telecommunications, Inc.*, 2011 WL 6325906 (S.D. Cal. Dec. 15, 2011) appears to have been made in error. Although Plaintiff provides a parenthetical stating that the court in *Soto* certified a consumer class in a UCL action against a retail seller of prepaid calling cards (Opp. at 17), this is incorrect. To the contrary, the retailers in *Soto* were dismissed from that case prior to class certification. *See Soto*, 2011 WL 6325906, at *1.

Despite his efforts, Plaintiff fails to distinguish this case from *In re Hydroxycut Mtg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011). Plaintiff claims that this case is different from *In re Hydroxycut* because Home Depot sold Roundup "despite its knowledge it is potentially carcinogenic." Opp. at 18. But the plaintiffs in *In re Hydroxycut* made the same allegation. *See In re Hydroxycut*, First Consolidated Amended Class Action Complaint, Case 3:09-md-02087-BTM-KSC, Dkt. 28 at ¶ 99 ("As [. . .] retailers of the Products,

---

[6] For instance, the complaint in *Dorman* alleged that defendant Rite-Aid made misleading advertising statements about the subject product on its website such as "No. 1 brand recommended by orthopedic specialists" and "helps your joints last longer." *See Dorfman*, Class Action Complaint, Case No. 3:13-cv-00873-WQH-RBB, Dkt. 1 at ¶ 32.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                        12

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in the Products…. As a result, Defendants knew, or should have known, that their efficacy and safety representations and failure to warn of the adverse health risks associated with consumption of their Products were false, misleading and/or deceptive."). Plaintiff has not identified any reasons why the facts of this case are different than *In re Hydroxycut*.

This Court should follow the reasoning in *In re Hydroxycut* and dismiss Plaintiff's claims because the Complaint fails to allege facts showing that (i) Home Depot participated in, controlled, or adopted as its own, representations made by Roundup's manufacturer, or (ii) made its own representations that Plaintiff relied on in connection with purchasing Roundup. *See In re Hydroxycut*, 801 F. Supp. 2d at 1013. [7]

---

[7] Plaintiff mischaracterizes Home Depot's position with respect to retailer liability. Home Depot does not contend that it enjoys "absolute immunity as a retailer." Opp. at 19. Rather, Home Depot contends that it is not liable here based upon the factual allegations in the Complaint. In addition, Plaintiff's argument that Home Depot's motion "does not evaluate Plaintiff's claims using any test" for unfairness under the UCL (Opp. at 16) is inapposite. The particular unfairness test that would be applied is immaterial here because regardless of what test might ultimately be applied, the Complaint fails to state a claim against Home Depot in the first instance. Plaintiff's argument that the "Court has broad discretion to fashion an equitable remedy, and exactly what the remedy looks like need not be decided at the pleadings stage" (Opp. at 2) is also a red herring because the type of injunctive relief Plaintiff may ultimately be entitled to is irrelevant to the issue of whether Plaintiff has stated a claim for relief in the first instance.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}

13

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**D.** **Plaintiff's Claim Is Substantively a Proposition 65 Claim, and Is Thus Barred By His Failure to Comply With Proposition 65's Notice Requirements and a Current Injunction Preventing Enforcement of a Proposition 65 Warning for Glyphosate.**

Plaintiff argues that his claim does not arise under Proposition 65 because his Complaint "expressly disclaims any violation of Proposition 65" and because his Complaint "asserts Home Depot has an obligation to inform consumers that is independent of Proposition 65's requirements." Opp. at 20. Plaintiff also argues that his claim is not enjoined by the injunction in *Nat'l Ass'n of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842 (E.D. Cal. 2018) because the Complaint "does not seek to enforce Proposition 65." Opp. at 22. Neither of these attempts to bypass the requirements of Proposition 65 are plausible. Plaintiff's claims clearly relate to the allegedly carcinogenic properties of glyphosate (and thus arise under Proposition 65), and his proposed remedy would consequently run afoul of the *Wheat Growers* injunction.

**1.** **Despite Plaintiff's conclusory assertions to the contrary, his claim arises under Proposition 65.**

As Home Depot discussed in its initial brief, the California Supreme Court has held that parties cannot avoid specific statutory rules governing their claims by framing their claims under more general statutes. *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 183 (Cal. 1999). Specifically, *Cel-Tech* held that where the legislature has expressly concluded that no action should lie, a plaintiff cannot use the UCL to "'plead around'" an "'absolute bar to relief.'" *Cel-Tech,* 20 Cal. 4th at 182 (1999). Plaintiff offers no persuasive reason why his Complaint, which seeks a warning analogous to the warnings required by Proposition 65 but does not comply with Proposition 65's requirements, does not violate the rule in *Cel-Tech*.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                    14

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff's primary argument is that his claim is not derivative of Proposition 65 solely because his complaint includes a conclusory allegation that his claims "do[] not arise under Proposition 65, nor … seek to vindicate a right created by Proposition 65" (Opp. 19-20). As an initial matter, this self-serving allegation is nothing more than an unsupported legal conclusion, which the Court should disregard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

In addition, if this argument were accepted, it would render the *Cel-Tech* rule a nullity. If plaintiffs could avoid the *Cel-Tech* rule simply by stating that they are not seeking to impose liability under the more specific statute, the rule would have no effect—a plaintiff could simply include a conclusory allegation in their complaint that their claims do not arise under the more specific statute. Courts have thus repeatedly rejected efforts by Plaintiff to "plead around" the *Cel-Tech* rule. *See Harris v. R.J. Reynolds Vapor Co.*, No. 15-CV-04075-JD, 2017 WL 3617061, at *2 (N.D. Cal. Aug. 23, 2017) ("In an apparent response to the prior dismissal order, [Plaintiff] insists that the [second amended complaint] does not rely in any way on Proposition 65 for the existence of the duty, but the allegations continue to highlight the lack of carcinogen warnings on [defendant]'s products [. . .] This effectively recasts violations of Proposition 65 as violations of the UCL or CLRA, which the Court has already determined will not do."); *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) ("the breadth of [the UCL] does not give a plaintiff license to "plead around" the absolute bars to relief contained in other

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                          15

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

possible causes of action by recasting those causes of action as ones for unfair competition").[8]

Moreover, Plaintiff's assertion that Home Depot has an obligation to inform consumers that is "independent of Proposition 65's requirements" is simply false. Indeed, Plaintiff's factual allegations in support of Home Depot's alleged duty to warn consumers about glyphosate are the exact same facts that would support a Proposition 65 claim (*i.e.*, the IARC's classification of glyphosate and the corresponding addition of glyphosate to California's Proposition 65 list). Plaintiff cannot invoke the UCL to seek more disclosure about an alleged carcinogen than is required by Proposition 65 because Proposition 65 governs *when* disclosure is required and *what language* is sufficient to make any required disclosure. *See generally* Proposition 65 (codified at Cal. Health & Safety Code §§ 25249.5-25249.14).

While Plaintiff relies on *Sciortino v. Pepsico, Inc.,* 108 F. Supp. 3d 780, 794 (N.D. Cal. 2015), *Sciortino* actually supports Home Depot's position. The complaint that survived in *Sciortino* related to an affirmative false statement by the manufacturer that carcinogens had been removed from the product. Specifically, the complaint "alleged that Pepsi misrepresented it had 'moved immediately to meet the new requirements' on 4–MeI and had 'roll[ed] out ... changes' that had been completed in California as well as several other states." 108 F. Supp. 3d at 794. The court held that this complaint did not attempt to "plead around" Proposition 65 because, while "the alleged misstatement is related to Proposition 65, the alleged wrong is not a failure to warn under Proposition 65, but rather a separate misrepresentation to consumers regarding what actions Pepsi had taken and what

---

[8] Similarly, Plaintiff's argument that Home Depot "could have stopped selling Roundup" (Opp. at 21) is unavailing because plaintiffs would always be able to use this argument to violate the rule in *Cel-Tech*.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                     16

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

levels of 4–MeI were present in the Pepsi Beverages." *Id.* The court specifically contrasted this with another complaint, which it concluded inappropriately sought to plead around Proposition 65 because it "referred to no other alleged misstatements" other than the failure to issue a cancer warning for a Proposition-65 listed chemical. *Id.* at 793. Here, Plaintiff alleges no affirmative misstatements by Home Depot; instead Plaintiff alleges only that Home Depot did not warn consumers that Roundup contained a particular alleged carcinogen. *See* FAC ¶ 89. This alleged wrong (i.e., the omission of a cancer warning for a particular chemical) is completely derivative of Proposition 65. *See Harris*, 2017 WL 3617061, at *2. A finding that Plaintiff's claims are derivative of Proposition 65 would therefore be consistent with *Sciortino*.

Plaintiff's argument that "it is the Roundup *formulation*, not just the inclusion of glyphosate alone, that renders the product carcinogenic" does not change this analysis. Opp. at 21 (stating that "the Roundup formulation contains surfactants, like POEA, which are known to [. . .] increase[] the toxicity of glyphosate"). The gravamen of Plaintiff's complaint is that Home Depot did not disclose the carcinogenic nature of glyphosate. *See, e.g.*, FAC ¶ 1 ("Glyphosate is known to be a Class 2A herbicide"); FAC ¶ 2 ("California has classified the active ingredient, glyphosate, as a chemical known to cause cancer"); FAC ¶ 19 ("glyphosate is known to have links to cancer"). Plaintiff cannot change the nature of his Complaint by pointing to a passing allegation about alleged surfactants, particularly when he alleges that those surfactants are dangerous only because of their effects on glyphosate. Opp. at 21. The court in *Harris v. R.J. Reynolds Vapor Co.* rejected a similar argument by a plaintiff seeking to plead around Proposition 65. *See Harris,* 2017 WL 3617061, at *2 ("[Plaintiff] makes no adequate allegation about any substances other than formaldehyde or acetaldehyde. The single passing

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                17

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

reference to 'high concentrations of ultrafine particles,' [. . .] is far too cursory to state a plausible independent claim under the UCL.").

Because Plaintiff's claim arises under Proposition 65, and because he admits that he did not comply with Proposition 65's notice requirements, Plaintiff's Complaint should be dismissed.

### 2. The injunction in *Wheat Growers* prevents enforcement of a cancer warning for glyphosate.

Plaintiff argues that his claim is not enjoined by the injunction in *Nat'l Ass'n of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842 (E.D. Cal. 2018) because the Complaint "does not seek to enforce Proposition 65." Opp. at 22. However, Plaintiff's Complaint substantively does seek to enforce Proposition 65, for the reasons discussed above.[9]

### E. Plaintiff Has Not Pleaded His Claim with the Particularity Required by Fed. R. Civ. P. 9(b).

Plaintiff does not dispute that Rule 9(b)'s heightened pleading requirements apply to his fraud-based UCL claim. Opp. at 22. Instead, he argues that these heightened requirements are "relaxed" for fraudulent omissions (as opposed to affirmative misrepresentations), and that he has met this "relaxed" standard because his UCL claim is based on Home Depot's omissions. *Id*. at 22-23.[10] However,

---

[9] Plaintiff does not even respond to Home Depot's argument that allowing this case to proceed would violate Home Depot's First Amendment right not to be required to publish "false and misleading" warnings. *See Wheat Growers*, 309 F. Supp. 3d at 853. When a plaintiff fails to address a defendant's arguments as to why certain claims should be dismissed, courts may construe that failure as "concession that they are valid reasons to dismiss those claims." *Hakakha v. CitiMortgage, Inc.*, No. EDCV151320JGBSPX, 2015 WL 4873561, at *8 (C.D. Cal. Aug. 13, 2015) (dismissing claims that plaintiff failed to address).

[10] Plaintiff's citations to *Miscellaneous Service Workers, etc. v. Philco-Ford Corp*., WDL Div., 661 F.3d 776, 782 (9th Cir. 1981) (Opp. at 22) and *Cooper v.*

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      18

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff has not satisfied Rule 9(b) because the Complaint fails to allege (i) what materials Plaintiff relied upon (if any) in connection with buying Roundup; and (ii) when Plaintiff contends Home Depot became aware of Roundup's alleged dangers.

The "contention that ... nondisclosure claims need not be pleaded with particularity is unavailing." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). To plead the circumstances of omission with specificity, a plaintiff "must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009). Plaintiff has done none of these things.

Courts frequently dismiss omission claims when plaintiffs do not allege the materials they reviewed in purchasing a product. *See, e.g.*, *In re NJOY, Inc. Consumer Class Action Litig.*, No. CV1400428MMMRZX, 2014 WL 12586074, at *13 (C.D. Cal. Oct. 20, 2014) ("plaintiffs fail to allege with particularity that they were exposed to any NJOY marketing or packaging that omitted information about the ingredients and health effects of NJOY e-cigarettes. For this reason, the California plaintiffs' CLRA and UCL claims based on fraudulent omissions fail to satisfy Rule 9(b) and must be dismissed"); *Tait v. BSH Home Appliances Corp.*, No. SACV 10-711 DOC AN, 2011 WL 1832941, at *3 (C.D. Cal. May 12, 2011) ("Plaintiffs offer no information regarding when, or even if, each of the named Plaintiffs viewed the website and/or operating instructions. Without such facts, these conclusory allegations do not come within a county mile of satisfying Rule 9(b)"); *Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *9–

---

*Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (Opp. at 23) appear to have been made in error, because the language Plaintiff quotes does not appear in those opinions.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                    19

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

10 (N.D. Cal. Mar. 14, 2017) (dismissing fraudulent omission claims under Rule 9(b) because "plaintiffs did not allege that they reviewed or were exposed to *any* information, advertisements, labeling, or packaging by Defendant"); *Terteryan v. Med. Depot, Inc.*, No. CV 17-2358 DMG (EX), 2017 WL 5665006, at *3 (C.D. Cal. May 18, 2017) (dismissing UCL omission claim under Rule 9(b) when Plaintiffs failed to "describe samples of representations that Plaintiffs relied upon to make their purchase").

Likewise, Plaintiff here does not allege that he reviewed *any* information regarding Roundup in connection with purchasing the product. *See generally* FAC. He does not allege that that he reviewed the product's label, signage in Home Depot's store, any materials on Home Depot's website, or any Home Depot advertisements.[11] *Id.*

Plaintiff also fails to meet the heightened pleading requirements of Rule 9(b) because he does not plead with any particularity that Home Depot had knowledge of Roundup's alleged dangers.[12] *See generally* FAC. His claim that Home Depot sold Roundup "despite knowledge that Roundup may cause cancer" (FAC ¶ 2) is

---

[11] Although Plaintiff references Roundup's label in the Complaint (FAC ¶ 16), he does not allege that he actually *reviewed* the label in connection with purchasing the product.

[12] Plaintiff also does not allege with particularity *when* he purchased Roundup from Home Depot. Plaintiff's vague allegation that he "routinely purchased a Roundup Ready-to-Use Weed & Grass Killer III product for a period of time during the Class Period from at least one Home Depot store in Ventura County, California" (FAC ¶ 60) is insufficient because it does not identify the specific timing or frequency of Plaintiff's alleged purchases. Plaintiff also does not identify any specific Ventura County Home Depot store from which he bought the product. *Id.* Plaintiff's allegations therefore do not provide adequate detail to satisfy Rule 9(b). *See Waldrup v. Countrywide Fin. Corp.*, No. 2:13-CV-08833-CAS, 2014 WL 3715131, at *5 (C.D. Cal. July 23, 2014) (dismissing fraudulent omission claim for failure to comply with Rule 9(b) because Plaintiff did not "provide an adequate amount of detail about the transactions at issue").

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      20

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

not supported by any specific allegations describing how and when Home Depot became aware of Roundup's alleged dangers. *See generally* FAC. Thus, Plaintiff's Complaint fails to satisfy 9(b) for this reason as well. *See Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1327 (C.D. Cal. 2013) (to allege fraudulent omission, plaintiff must plead "*how* and *when* defendants became aware of the purported defect") (italics added); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) (dismissing conclusory allegation that the manufacturer knew of the alleged defect but failed to disclose it to consumers); *Eisen v. Porsche Cars N. Am., Inc.*, No. CV 11-9405 CAS FEMX, 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012) (dismissing UCL fraudulent omission claim when plaintiff did not allege when defendant became aware of alleged defect).

## F.   Plaintiff Lacks Article III Standing to Seek Injunctive Relief Because He Does Not Plead That He Is Likely to Suffer Future Injury.

Plaintiff argues that he has Article III standing for injunctive relief because he "has alleged a likelihood of purchasing Roundup from Home Depot in the future, and may again fall victim to Home Depot's unfair business practices." Opp. at 24. However, *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) and subsequent case law make clear that Plaintiff lacks standing because he has not alleged an *intention* to purchase Roundup in the future and, even if he did, there is no plausible likelihood of future injury.

### 1.   Plaintiff does not allege an intention to purchase Roundup in the future.

Plaintiff cites *Lilly v. Jamba Juice*, No. 13-CV-02998-JST, 2015 WL 1248027, at *5 (N.D. Cal. Mar. 18, 2015) for the proposition that "a willingness to consider a future purchase is sufficient" to grant him Article III standing to seek

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                   21

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

injunctive relief. Plaintiff is wrong. His cite to *Lilly*—a pre-*Davidson* case—mischaracterizes Ninth Circuit case law on Article III standing. Plaintiff does not attempt to distinguish the numerous post-*Davidson* cases Home Depot discussed in its initial brief, all of which require the plaintiff to allege that he intends to purchase the product at issue in the future. *See, e.g. Cordes v. Boulder Brands USA, Inc.*, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018); *Min Shook Shin v. Umeken USA, Inc.*, 773 F.App'x 373, at *1 (9th Cir. June 3, 2019); *Anthony v. Pharmavite* 2019 WL 109446, at *6 (N.D. Cal. Jan. 4, 2019); *Matic v. U.S. Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019).

These post-*Davidson* cases confirm that Plaintiff's allegations speculating he *might* buy Roundup again in the future are insufficient to confer standing. *See Lanovaz*, 726 F. App'x at 591 (plaintiff's statements that she "would consider" buying the products in the future if misleading labels were removed does not satisfy standing requirements); *see also Loomis v. Slendertone Distribution, Inc.*, No. 319CV854MMAKSC, 2019 WL 5790136, at *17 (S.D. Cal. Nov. 6, 2019) (plaintiff's allegation that she "would consider" purchasing a device again in the future was insufficient to state a plausible claim for injunctive relief).

Indeed, this case is even clearer than *Lanovaz* or *Loomis*. Plaintiff's allegations show that there is no reasonable possibility that he will be injured in the future absent injunctive relief, because he affirmatively alleges that he will *not* purchase the Roundup products if Home Depot does not include a cancer warning at the point of sale.  FAC ¶ 64.

### 2. There is no plausible likelihood that Plaintiff will be deceived again regarding Roundup's alleged carcinogenicity.

Plaintiff does not substantively respond to Home Depot's argument that his knowledge that Roundup is allegedly carcinogenic means he has not plausibly

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                                      22

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1   alleged he would suffer injury even if he bought Roundup again. But this too

2   defeats any claim that Plaintiff has standing to seek injunctive relief. That is, even if

3   Plaintiff had plausibly alleged that he intends to purchase Roundup in the future

4   (and he did not), he does not and cannot explain how he could be deceived again

5   given that his own complaint alleges that he is aware of glyphosate's

6   carcinogenicity. Post-*Davidson*, numerous courts have held that plaintiffs lack

7   standing to seek injunctive relief where their complaints made clear that they could

8   not be deceived in the same manner in the future. *See Jackson v. Gen. Mills, Inc.*,

9   No. 18CV2634-LAB (BGS), 2019 WL 4599845, at *5 (S.D. Cal. Sept. 23, 2019)

10  (plaintiff had not shown a likelihood of future deception, and thus lacked Article III

11  standing, where the injunction she sought would require "changed product labeling

12  to tell her what she already knows"); *Matic*, 2019 WL 3084335, at *8 (plaintiff

13  lacked standing to seek injunctive relief because he complained that defendant's

14  packaging misled him about the weight of product, but complaint made clear that

15  plaintiff now knew "precisely where to find" accurate weight information and thus

16  would not be deceived in the future); *Pharmavite*, 2019 WL 109446, at *6

17  (plaintiffs lacked standing when their complaint alleged that the defendant's

18  products were not beneficial "as a matter of scientific fact" and thus could not be

19  deceived about their benefits in the future). The same analysis applies here, and

20  Plaintiff thus lacks standing to seek injunctive relief.

## V.  CONCLUSION

21

22       For all of the foregoing reasons, the Motion should be GRANTED.

23  Dated:  January 16, 2020.

24                          UMBERG ZIPSER LLP

25

26                          */s/Adina W. Stowell*

27                          Adina W. Stowell

28                          Attorneys for Defendant Home Depot U.S.A., Inc.

UMBERG ZIPSER LLP
ATTORNEYS AT LAW
IRVINE

{195359.1}                          23

2:19-CV-06780-FMO-AS
HOME DEPOT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS