

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES WEEKS                                          )     Case No. CV 19-6780 FMO (ASx)
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )     **ORDER RE:  PENDING MOTION**
                                                    )
HOME DEPOT U.S.A., INC.,                            )
                                                    )
                    Defendant.                      )
_____                )

Having reviewed all the briefing filed with respect to defendant Home Depot U.S.A., Inc.'s ("defendant") Motion to Dismiss, (Dkt. 21, "Motion"), the court will deny the Motion without prejudice for improperly referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Defendant requested judicial notice of six exhibits. (See Dkt. 22, Request For Judicial Notice ("RJN")). Facts subject to judicial notice are those which are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal quotation marks omitted), defendant made no effort to authenticate the documents or establish

how each document qualifies for judicial notice within the meaning of Rule 201 of the Federal Rules of Evidence. (See, generally, Dkt. 22, RJN); see also Fed. R. Evid. 201; Lee, 250 F.3d at 688 ("If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.") (internal quotation marks omitted). For example, defendant failed to point out which facts in each of the six exhibits are susceptible to judicial notice. (See, generally, Dkt. 22, RJN). "Just because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied, 139 S.Ct. 2615 (2019); see, e.g., Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) (because "there was considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute"); Madeja v. Olympic Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002) (the district court did not abuse its discretion in refusing to take judicial notice of bankruptcy proceedings because the documents submitted for judicial notice were not authenticated); Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 649 (7th Cir. 2011) (the district court did not abuse its discretion in refusing to take judicial notice of materials including a settlement, lawsuits and pending enforcement actions between state attorneys general and defendant because plaintiffs "sought judicial notice not of particular discrete facts, but of a number of whole documents[,]" and questioning "why this would be a matter of judicial notice and not more generally the admissibility of the documents they have identified") (internal quotation marks omitted). The instant Motion reflects "[t]he overuse and improper application of judicial notice[,]" see Khoja, 899 F.3d at 998, as defendant fails to point out which facts in each exhibit are susceptible to judicial notice.

Finally, given the number of documents defendant seeks to have considered in connection with its Motion, the court is persuaded that such documents and the arguments raised in the pending Motion would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of

any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); see, e.g., Columbia River People's Utility Dist. v. Portland General Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings); Williams v. County of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss **(Document No. 21)** is **denied without prejudice.**

2. Defendant shall file its Answer to the Complaint or a Rule 12(b)(6) motion without any attached exhibits no later than **February 3, 2020**.

Dated this 21st day of January, 2020.

/s/

Fernando M. Olguin
United States District Judge