**MILSTEIN JACKSON**
**FAIRCHILD & WADE, LLP**
Gillian L. Wade, State Bar No. 229124
gwade@mjfwlaw.com
Sara D. Avila, State Bar No. 263213
savila@mjfwlaw.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@mjfwlaw.com
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067s
Tel: (310) 396-9600
Fax: (310) 396-9635

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WEEKS, individually and on behalf of all others situated;<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:19-cv-06780-FMO-AS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS** |

Plaintiff James Weeks ("Plaintiff") hereby responds to Home Depot U.S.A., Inc.'s ("Defendant" or "Home Depot") Notice of Supplemental Authority in Support of its Motion to Dismiss (the "Notice") regarding *Nat'l Ass'n of Wheat Growers v. Becerra*, No. 2:17-cv-2401 WBS EFB, 2020 WL 2312732 (E.D. Cal. June 22, 2020) (Dkt. No. 55, Ex. A) ("*Wheat Growers II*").

Defendant's "Notice" is procedurally improper and should be stricken because it contains two additional pages of argument in support of its Motion to Dismiss. Defendant's Notice is in fact an unauthorized sur-reply memorandum that should not be considered by the Court. Local Rule 7-10 provides that "[a]bsent prior written order of the Court, the opposing party shall not file a response to the reply." Because Defendant did not seek or obtain leave of Court to file a sur-reply, its Notice should be disregarded. *See, e.g., Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n. 3 (C.D. Cal. 2014) ("filing a Notice of Supplemental Authority with a copy of or a citation to a recently published case is proper; including a memorandum with the Notice explaining why the case is relevant is not").

However, in the event the Court is inclined to consider Defendant's additional arguments, Plaintiff respectfully requests the Court also consider the following points in response:

First, *Wheat Growers II* does not constitute binding precedent the Court is compelled to follow. See *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quotations and citations omitted).

Second, *Wheat Growers II* does not articulate a new legal standard or provide any substance beyond what has already been briefed with respect to *National Association of Wheat Growers v. Zeise*, 309 F. Supp. 3d 842 (E.D. Cal. 2018) ("*Wheat Growers I*"). *Wheat Growers II* merely makes the preliminary injunction in *Wheat Growers I* permanent. See *Wheat Growers II*, 2020 WL 2312732, at *13 ("the court's

analysis of the permanent injunction factors largely repeats its analysis from its order granting a preliminary injunction."). Plaintiff's arguments against the application of *Wheat Growers I* are the same as his arguments against *Wheat Growers II*—namely, that Plaintiff's First Amended Complaint ("FAC") is premised on Defendant's violation of the "unfair" prong of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), not on Proposition 65 as Defendant contends. Dkt. No. 45 at 19-20. *Wheat Growers I* and *II* pertain exclusively to the enforceability of Proposition 65 warnings on glyphosate-based products and have no bearing on the viability of Plaintiff's UCL claim, which does not arise under Proposition 65, nor seeks to impose a Proposition 65 "cancer warning." *Id.* at 20.

Third, to the extent the *Wheat Growers* opinions stand for the proposition that a "cancer warning" on glyphosate-based products would be false and misleading and may violate the First Amendment, such an opinion does not support dismissal of Plaintiff's case at the pleading stage. Here, the FAC does not seek a "cancer warning" on the Roundup products or on Home Depot's store shelves. Plaintiff seeks an order enjoining Defendant "from engaging in the unfair business practices alleged [in the FAC] in connection with the sale of Roundup." *Id.* at 7 (*citing* Dkt. No. 18 at ¶ 89). Indeed, as set forth in detail in Plaintiff's opposition to the motion to dismiss, should the Court find Defendant violated the UCL, a remedy can be fashioned that does not impose such a warning. *See, e.g., Russell v. Kohl's Dep't Stores, Inc.*, No. ED CV 15-1143 RGK (SPx), 2015 U.S. Dist. LEXIS 176123, at *4 (C.D. Cal. Oct. 6, 2015) ("The courts are authorized by statute to fashion remedies to prevent, deter, and compensate for unfair business practices.") (citations and quotations omitted). For example, the Court can issue an order requiring Defendant to notify consumers of the existence of an ongoing scientific *dispute* as to Roundup's potential carcinogenicity. Such a warning would be purely factual and uncontroversial under the First Amendment. *See Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 651 (1985) (government may require "purely factual and uncontroversial" disclosures, as

long as the requirement is "reasonably related" to a substantial governmental interest and not "unjustified or unduly burdensome").

Although the injunctive relief described in the FAC is appropriate, new facts related to the thousands of personal injury cases centralized in the Northern District of California render an injunctive remedy here even more important to protect California consumers. *See In Re: Roundup Products Liability Litigation*, MDL No. 2741 (Case No. 3:16-md-02741-VC) (personal injury cases alleging individuals exposed to Roundup developed non-Hodgkin's lymphoma). On June 24, 2020, Bayer Corporation, the maker of Roundup, announced it had reached a $10.1 billion settlement to resolve tens of thousands of personal injury cases linking Roundup exposure to non-Hodgkin's lymphoma, as well as a separate $1.25 billion putative class claim for individuals who were exposed to glyphosate based Roundup products but who had not retained counsel. *See id.* at Dkt. 11042. The class settlement includes the creation of an independent "Class Science Panel" which would provide a "definitive and binding answer", over a four-year period, to the question of whether Roundup is capable of causing non-Hodgkin's lymphoma in humans. *See id.* In other words, the makers of Roundup have now admitted there is a potential that Roundup in fact causes non-Hodgkin's lymphoma.[1] Requiring Defendant to disclose the existence of this ongoing dispute would not run afoul of the *Wheat Growers* rulings or the First Amendment.[2]

Finally, even if Plaintiff's FAC did implicate Proposition 65 (which it does not) the permanent injunction in *Wheat Growers II* is not binding on the parties here. Under Rule 65(d), an injunction only binds "the parties to the action, their officers,

---

[1] Putative Class Counsel's swift withdrawal of the motion for preliminary approval of the class settlement following Judge Chhabria's comments questioning the viability of the settlement does not change the fact that Bayer has agreed and no longer disputes there is a potential that Monsanto's Roundup in fact causes cancer (and agreed to pay $1.25 billion in an effort to resolve this dispute).

[2] The injunctive relief sought in the FAC does not specifically address disclosure of this fact, as it did not exist at the time, but as facts develop further, so will Plaintiff's articulation of the most appropriate injunctive remedy in this matter.

1  agents, servants, employees, and attorneys, and ... those persons in active concert or
2  participation [with them]." Fed. R. Civ. Proc. 65(d). Neither Plaintiff nor Home Depot
3  fit any of these categories. Accordingly, the permanent injunction does not dispose of
4  Plaintiff's claim.

5        For these reasons, Plaintiff respectfully requests that the Court strike and/or
6  disregard Defendant's Notice.

Dated: July 15, 2020           Respectfully submitted,

*/s/ Gillian L. Wade*

Gillian L. Wade
Sara D. Avila
Marc A. Castaneda
**MILSTEIN JACKSON FAIRCHILD & WADE, LLP**

*Counsel for Plaintiff and the Proposed Class*