JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JAMES WEEKS, individually and on behalf of all others situated,

Plaintiff,

v.

HOME DEPOT U.S.A., Inc., a Delaware corporation,

Defendant.

Case No. 2:19-cv-06780-JWH (ASx)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [69]**

Before the Court is the motion of Defendant Home Depot U.S.A., Inc. to dismiss[1] the Second Amended Complaint.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support and in opposition, the Court **GRANTS** Home Depot's Motion.

## I. BACKGROUND

In August 2019, Plaintiff James Weeks filed a Complaint against Home Depot.[3] Three months later, Mr. Weeks filed a First Amended Complaint.[4] In January 2020, the Court denied Home Depot's motion to dismiss the FAC without prejudice "for improperly referencing materials outside the pleadings."[5] In September 2020, the Court granted in part and denied in part Home Depot's second motion to dismiss the FAC.[6]

On October 2, Mr. Weeks filed his SAC, alleging a single violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*[7] Home Depot moved to dismiss on October 16.[8] Mr. Weeks opposed on October 23,[9] and Home Depot replied on October 30.[10]

---

[1] Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. (the "Motion") [ECF No. 69].
[2] Second Am. Compl. (the "SAC") [ECF No. 67].
[3] Compl. [ECF No. 1].
[4] First Am. Compl. (the "FAC") [ECF No. 18.]
[5] Def.'s Am. Mot. to Dismiss [ECF No. 31]; Order [ECF No. 37].
[6] Def.'s Mot. to Dismiss [ECF No. 38]; Order (the "FAC Dismissal Order") [ECF No. 65].
[7] *See* SAC.
[8] *See* Motion.
[9] Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 71].
[10] Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 74.]

## II. FACTUAL ALLEGATIONS

Mr. Weeks alleges the following facts, which the Court assumes to be true for the purposes of this motion. *See, e.g.*, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (on motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party").

Home Depot is a home improvement retail giant that sells the glyphosate-based herbicide Roundup.[11] California has classified glyphosate as a chemical known to cause cancer. Glyphosate's safety is widely debated, and multiple countries and California cities have banned it.[12] Roundup's manufacturer, Monsanto, is currently settling Roundup-based personal injury claims worth several billion dollars. *See In re: Roundup Products Litigation*, MDL No. 2741 (N.D. Cal.). Roundup also contains polyethoxylated tallow amine ("POEA").[13] Two studies have suggested that POEA increases the toxicity of glyphosate.[14]

Mr. Weeks is a California resident.[15] He has purchased Roundup several times a year over the past decade, most recently on April 19, 2019, from a Home Depot store in Oxnard, California.[16] Home Depot has not at any time provided him with "any information regarding the carcinogenic nature of Roundup."[17] Mr. Weeks relied on Home Depot's warnings, or lack thereof. He would not have purchased Roundup if he had been aware of its carcinogenic properties.[18] Mr. Weeks would like to purchase Roundup from Home Depot in the future if

---

[11] SAC ¶¶ 1 & 14.
[12] *Id.* at ¶¶ 4 & 31-57.
[13] *Id.* at ¶ 22.
[14] *Id.* at ¶¶ 42 & 45.
[15] *Id.* at ¶ 13.
[16] *Id.* at ¶ 88.
[17] *Id.* at ¶ 89.
[18] *Id.* at ¶¶ 91 & 92.

its formula changes, but he can no longer rely on Home Depot's warning labels.[19]

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may make a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint and any reasonable inferences to be drawn from them as true and must construe them in the light most favorable to the non-moving party. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005); *ARC Ecology v. U.S. Dep't of Air Force*, 411 F.3d 1092, 1096 (9th Cir. 2005); *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

---

[19] *Id.* at ¶ 93.

that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.  DISCUSSION

California's Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability; thus, the 'unfair' practices prong offers an independent basis for relief." *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Mr. Weeks alleges that Home Depot's business practices were unfair.[20] Home Depot argues that Mr. Weeks has failed to plead this UCL violation adequately.[21]

Analyzing the sufficiency of Mr. Weeks's claim first requires understanding exactly what that claim is. Mr. Weeks's claim is quite narrow. Mr. Weeks chose not to bring his claim under California's Safe Drinking Water and Toxic Enforcement Act of 1986 (familiarly known as Proposition 65)[22]—

---

[20]  *See, e.g.*, SAC ¶ 1.
[21]  Motion 15-16.
[22]  "No person in the course of doing business shall knowingly and intentionally expose any individual to a chemical known to the state to cause cancer or reproductive toxicity without first giving clear and reasonable warning to such individual . . . ." Cal. Health & Safety Code § 25249.6.

which tightly controls exposure to known carcinogens in California and covers glyphosate claims—likely to avoid its stringent notice requirements.[23]  However, several "California courts have held that plaintiffs cannot plead around the notice requirement by characterizing their claim as a UCL claim." *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 790 (N.D. Cal. 2015) (collecting cases).  The FAC Dismissal Order, therefore, dismissed Mr. Weeks's FAC with leave to amend to provide him with the opportunity to "allege facts sufficient to state a claim independent of Proposition 65."[24]

Mr. Weeks attempts to plead around Proposition 65 by arguing that he is *not* attacking Home Depot's failure to post warnings about a known carcinogen (glyphosate), as this would fall within Proposition 65.[25]  Rather, he is attacking Home Depot's failure to post warnings about the carcinogenic properties of Roundup *as a whole*,[26] as the State of California has not recognized Roundup's formula of glyphosate and POEA as a carcinogen separate from its glyphosate alone, and, therefore, Proposition 65 does not cover the *combination* of glyphosate and POEA.[27]

Here, however, Mr. Weeks runs into trouble.  California has not recognized Roundup's formula of glyphosate and POEA as a carcinogen

---

[23]   FAC Dismissal Order 13.

[24]   *Id.* at 14.

[25]   California recognized glyphosate as a substance known to cause cancer on July 17, 2017.  *See Nat'l Ass'n of Wheat Growers v. Becerra*, No. 2:17-CV-2401 WBS EFB, 2020 WL 3412732, at *2 (E.D. Cal. June 22, 2020).  In June, a federal judge enjoined California from enforcing its labeling requirement against a group of plaintiffs on First Amendment grounds.  *Id.* at *14.  This Court previously found that Home Depot is not in that group of plaintiffs.  FAC Dismissal Order 15.  Therefore, Mr. Weeks could bring a Proposition 65 case against Home Depot alleging failure to label glyphosate.

[26]   Opposition 17.

[27]   Walmart separately contends that Mr. Weeks's claim remains a Proposition 65 claim in substance.  Motion 9.  Because this Court finds that Mr. Weeks would fail to state a claim even if he correctly pleaded it under UCL, it need not reach that contention.

separate from glyphosate alone because there is very little data to support that contention. Mr. Weeks identifies only two studies that find POEA to enhance glyphosate's toxicity. Recognizing this infirmity, Mr. Weeks argues that Home Depot should have been warning customers not that Roundup was toxic above and beyond glyphosate, but that "that there is a scientific dispute about [Roundup's] potential carcinogenicity."[28]

This theory stretches the limit of what constitutes unfair business dealings. "To bring a claim under the unfair prong of the UCL, a plaintiff must show either that the supposed unfairness is 'tethered' to a legislative policy, or that it is immoral, unethical, oppressive, unscrupulous, or injurious to consumers." *Sud v. Costco Wholesale Corp.*, 731 F. App'x 719, 720 (9th Cir. 2018) (citing *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 939 (2003)).

Under the first prong, "[t]o determine whether something is sufficiently 'tethered' to a legislative policy for the purposes of the unfair prong, California courts require a close nexus between the challenged act and the legislative policy." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 866 (9th Cir. 2018). Mr. Weeks argues that Home Depot's alleged failure to inform its customers of an ongoing scientific dispute is "tethered" to the misbranding provision of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"): "(1) A pesticide is misbranded if— . . . (G) the label does not contain a warning or caution statement which may be necessary and if complied with, together with any requirements imposed under section 136a(d) of this title, is adequate to protect health and the environment." 7 U.S.C. § 136. It is apparent from the text of the statute that FIFRA is a policy that requires warnings of dangerous chemicals. However, there is no close nexus between this provision and Mr. Weeks's

---

[28]   SAC ¶ 86.

demand that Home Depot warn him of every chemical that is *potentially* dangerous, according to any study, at any time.

Mr. Weeks's claim also fails to satisfy the second prong. Mr. Weeks contends that Home Depot's conduct is "immoral, unethical, oppressive, unscrupulous, or injurious" because of its "awareness of various local and international bans on glyphosate-based herbicides."[29] But Mr. Weeks is not asking for a glyphosate warning; he is asking for a warning covering the combination of glyphosate and POEA, as a *separate* carcinogen from glyphosate. He does not sufficiently allege that that it is immoral or otherwise unfair for Home Depot to decline to post the results of two small studies on every Roundup display in California.

Mr. Weeks is stuck between a rock and a hard place. If he claims that it is glyphosate that is toxic, then he must bring the claim under Proposition 65 as instructed in the FAC Dismissal Order. But if he claims that glyphosate and POEA together are toxic in a different way, then he does not have the scientific support to demonstrate that Home Depot has acted unfairly. He therefore fails to state a UCL claim. The Court need not analyze Home Depot's other arguments.

A class of injured plaintiffs is currently holding Roundup's manufacturers responsible for their carcinogenic product to the tune of billions of dollars. This action attempts so strenuously to distinguish itself from the reach of that lawsuit and the procedural requirements of Proposition 65 (while seeking to recover on essentially the same facts) that it fails to state a claim at all. If Mr. Weeks wants to sue Home Depot over its sale of a product known to the state of California to cause cancer, then he can do so under Proposition 65—perhaps the most robust environmental law in the country.

---

[29] Opposition 13:19-22.

## V. CONCLUSION

Because Mr. Weeks has already had several opportunities to amend his complaint, and because the Court finds that no amendment would cure the deficiencies identified above, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** the Second Amended Complaint, **without leave to amend**. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: December 16, 2020

John W. Holcomb
UNITED STATES DISTRICT JUDGE